# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

*David E. Patton*
Executive Director
*and Attorney-in-Chief*

**Motion to modify bail conditions is granted in part.**
Defendant's travel restrictions are modified to the limited extent of permitting him to retrieve his passport from Pretrial services on Wednesday, May 12, 2021; to fly to Montego Bay, Jamaica on Thursday, May 13, 2021 for the wedding of his cousin and friend Eric Pamphile; to fly back to New York so that he arrives on Sunday, May 16, 2021; on the

Southern District of New York
*Jennifer L. Brown*
*Attorney-in-Charge*

March 2, 2021

**BY ECF**
Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

following additional conditions: (1) a detailed travel itinerary with flights and hotels to be provided to Pretrial Services and the Government no later than May 3, 2021; (2) the amount of the bond securing defendant's appearance to be increased to $500,000 and to be signed by defendant and co-signed by defendant's mother, his sister, and Michele Tejada on or before May 3, 2021; (3) Defendant returns his passport to Pretrial Services no later than 4pm on Monday, May 17, 2021; and (4) defendant's travel during the period May 12-17, 2021 limited to Jamaica and the Southern and Eastern Districts of New York.  All other conditions of release are maintained as set.

Re: **United States v. Herode Chancy,**
**20 Cr. 378 (LJL)**

3/18/2021   SO ORDERED.

LEWIS J. LIMAN
United States District Judge

Dear Judge Liman:

I write to request that the Court temporarily modify Mr. Chancy's bail conditions to permit him to participate as a groomsman in the wedding of his cousin and very close friend Eric Pamphile on May 15, 2021 in Jamaica.  Specifically, Mr. Chancy requests to retrieve his passport from Pretrial services on Wednesday, May 12; fly to Montego Baby on Thursday, May 13; fly back to New York on Sunday, May 16; and return his passport to Pretrial on Monday, May 17.

If granted permission to participate in this wedding, Mr. Chancy will travel together with his girlfriend Michelle Tejada, and they will stay at the hotel where the wedding and reception will take place.  Wedding and venue details have been provided to Pretrial, and a full itinerary will be provided prior to departure.

Mr. Chancy's Pretrial Services Officer, Francesca Piperato, confirms that Mr. Chancy has been compliant with Pretrial supervision.  While on bail he has traveled three times—to Pennsylvania, Maryland, and Florida—with no incident and no objection from Pretrial or the government.

Officer Piperato advises me that it is the policy of Pretrial Services to take no position on requests for international travel.  AUSA Cecilia Vogel advises me that the government opposes this request for international travel on the grounds of risk of flight.  But the risk of flight is insignificant given Mr. Chancy's strong ties to the local community, his lack of criminal history and strong history of compliance with Pretrial supervision, and the extradition treaty in force between the United States and Jamaica.  In short, the Court can permit Mr. Chancy to be his cousin's groomsman while continuing to reasonably assure his appearance in Court.  See 18 U.S.C. § 3142.

Honorable Lewis J. Liman                                          March 2, 2021
United States District Judge                                      Page 2 of 2

      Mr. Chancy's appearance is already assured by a $100,000 bond cosigned by his sister and his daughters' mother, with whom he shares custody of their two minor daughters.  Neither Mr. Chancy's daughters nor their mother will be traveling to Jamaica for the wedding.  (His sister will be attending.)  Given Mr. Chancy's strong ties to the United States—his parents and siblings all live in New York, New Jersey, and Maryland; his daughters live in Queens—the current bond conditions already reasonably his return.  If the Court believes that additional security is necessary, it may require Ms. Tejada to consign the bond, raise the bond amount, or require temporary cash security.

      Foreign travel by defendants on Pretrial supervision is not particularly unusual; it has been permitted in this District under circumstances presenting a higher risk of flight.  See, e.g., United States v. David Rodriguez, 15 Cr. 216 (JGK), ECF 28 (permitting defendant who had pled guilty to mail theft to visit his wife and grandmother in the Dominican Republic, over the government's objection); United States v. Steven Brown, 16 Cr. 436 (KMW), ECF 37 (permitting defendant charged with fraud to travel to France to attend a film festival, over the government's objection); United States v. Salifou Conde, 19 Cr. 808 (VEC) ECF 59 (permitting defendant charged with fraud to travel to Guinea, West Africa to visit his dying father upon the surrender of his children's passports, over the government's objection and despite the lack of an extradition treaty between the United States and Guinea); United States v. Kevin Forbes, 17 Cr. 259 (PKC), ECF 23 (permitting UK citizen who had pled guilty to computer fraud to visit his ill father in the UK, over the government's objection); United States v. Julio Rosario, 17 Cr. 6 (JPO), ECF 14 (permitting defendant charged with fraud and money laundering to visit his wife in the Dominican Republic upon an increased bond, over the government's objection); United States v. Shawn Dawkins, 19 Cr. 451 (GHW), ECF 32 (permitting defendant charged with fraud and aggravated identify theft to travel to Jamaica to apply in person for U.S. citizenship for his daughter living in Jamaica); United States v. Nick Jodha, 14 Cr. 239 (RJS), ECF 7 (permitting defendant who had pled guilty to tax evasion to vacation in Jamaica); United States v. Tomer Osovitzki, 19 Cr. 794 (KPF), ECF 37 (permitting defendant charged with fraud and aggravated identify theft to travel with his parents to their residence in Canada for an extended period); United States v. Chaskel Landau, 19 MJ 10886 (UA), ECF 30 (permitting defendant charged with conspiracy to defraud the United States to attend his great grandson's bris ceremony in Canada).  The Court should permit it in this case.

Sincerely,

/s/
_____
Clay H. Kaminsky
Assistant Federal Defender
(212) 417-8749 / (646) 842-2622

CC:   AUSAs Cecilia Vogel and Tara LaMorte
      USPTO Francesca Piperato (by email)