```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
UNITED STATES,                                                    :
                                                                  :
                                                                  :
            -v-                                                   :      20-cr-378 (LJL)
                                                                  :
HERODE CHANCY,                                                    :           ORDER
                                                                  :
                        Defendant.                                :
                                                                  :
------------------------------------------------------------------:
                                                                  X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/20/2024

LEWIS J. LIMAN, United States District Judge:

      Defendant Herode Chancy requests early termination of his supervised release. Dkt. No. 156. The motion is not opposed. The motion is granted effective immediately.

      Mr. Chancy was convicted by a plea of guilty of a single charge of conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 1349. The Court sentenced Mr. Chancy on September 8, 2021, to a term of imprisonment of thirty months to be followed by a term of two years of supervised release. Dkt. No. 92. The Court imposed the term of supervised release, in part, to ensure that Mr. Chancy would not recidivate. The two-year term of supervised release was longer than the one-year term recommended by Probation (which also recommended a shorter term of incarceration). *See* Dkt. No. 61 (pre-sentence report).

      Mr. Chancy was transferred to home detention in November 2022 and began his term of supervised release on July 3, 2023. Dkt. No. 156 at 1. He has now served over fifteen months of home detention. He has been fully compliant with supervision and has been gainfully employed on the books at the same car dealership where he worked while on bail. *Id.* He has consistently maintained his employment, compliance, and sobriety during the entire period of supervision and does not need any supportive services. *Id.* at 2. He is a single father of two children who has no

prior criminal record. He has a history of volunteerism, his crime did not result in a loss or harm to any victim, he has a consistent and stable employment history, and he committed the crime at the inducement of another individual and at a distinctive time in his life when he was in need of cash. As the Court commented at the time of sentencing, there is now a low risk of recividism. Dkt. No. 95 at 30-31.

The Court has considered the factors set forth in Sections 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) of Title 18. *See* 18 U.S.C. § 3583(e); *United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016). Although "[e]arly termination 'is not warranted as a matter of course.'" *United States v. Wheeler*, 2023 WL 4561591, at *1 (S.D.N.Y. July 17, 2023) (quoting *United States v. Fenza*, 2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013)), the United States Sentencing Guidelines encourage courts "to exercise this authority in appropriate cases." U.S.S.G. § 5D1.2, comment. (n.5) (2021 manual). Considering the factors of deterrence, public safety, rehabilitation, proportionality, and consistency, this is one of those few cases in which early termination is appropriate.

SO ORDERED.

Dated: September 20, 2024
New York, New York

_____
LEWIS J. LIMAN
United States District Judge